IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DALE SCOTT OLTEN, SR., | ) <br> ) |
| Movant, | ) <br> ) |
| v. | ) No. 12-4070-CV-C-NKL-P <br> ) Crim. No. 09- 04037-01-CR-C-NKL <br> ) |
| UNITED STATES OF AMERICA, | ) <br> ) |
| Respondent. | ) |

**ORDER**

Before the Court is Dale Scott Olten, Sr.'s *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, Olten's motion is DENIED.

**I.   Background**

On February 12, 2010, Olten entered pleas of guilty to being a felon in possession of firearms and possessing stolen firearms, Counts One and Two of a three-count Indictment. Count Three, which charged Olten with tampering with a witness, was dismissed at the request of the government.

On October 28, 2010, the Court adopted an amended version of the Presentence Investigation Report ("PSR"), which recommended a guideline sentencing range of 188-235 months. The PSR proposed numerous sentencing enhancements, including ones based on findings that: 1) Olten was an armed career criminal; 2) many of the firearms recovered from Olten were stolen; 3) Olten made threats against and attempted to

1

influence or prevent the testimony of a government witness; and 4) many of the firearms recovered from Olten were taken during prior burglaries. The armed career criminal enhancement was based on Olten's convictions for burglary and resisting arrest in California, as well as Olten's conviction for burglary in Missouri. Ultimately, the Court sentenced Olten to 235 months' imprisonment on Count One and 120 months on Count Two, to run concurrently for a total prison term of 235 months. The Court also imposed concurrent, five-year terms of supervised release for each count.

Olten timely filed this motion pursuant to 28 U.S.C. § 2255, raising numerous claims of ineffective assistance of counsel. Olten also claims that the Court exceeded the statutory maximum sentence and did not have jurisdiction to impose his sentence.

**II.     Discussion**

    **A.     Applicability of the Armed Career Criminal Enhancement**

Five of Olten's claims rest on his contention that the armed career criminal enhancement does not apply to him because his prior convictions are not violent felonies as defined by 18 U.S.C. § 924(e).[1] This section, in relevant part, defines a "violent felony" as:

> "[A]ny crime punishable by imprisonment for a term exceeding one year, . . . that--
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > (ii) is burglary, . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another."

---

[1] "A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." U.S.S.G. § 4B1.4(a).

§ 924(e)(2)(B). Olten contends that his California burglary convictions and his conviction for resisting arrest are not violent felonies within the above definition.

### 1. Olten's California Burglary Convictions

Olten correctly asserts that his convictions for burglary under the California Penal Code are not necessarily "burglary" as that term is used in § 924(e)(2)(B)(ii). In *Taylor v. United States*, the Supreme Court held that burglary, as used in this section, means "any crime . . . having the basic elements of *unlawful or unprivileged entry* into, or remaining in, a building or structure, with intent to commit a crime." 495 U.S. 575, 599 (1990) (emphasis added). The Court labeled this "generic burglary." *See, e.g.*, *id.* at 599, 600. The Court reasoned that "'burglary' in § 924(e) must have some uniform definition independent of the labels used by the various States' criminal codes." *Id.* at 592. To achieve uniformity, the Court held that a burglary conviction for purposes of a § 924(e) enhancement is a conviction for any crime that has the basic elements of generic burglary. *Id.* at 599.

California's definition of burglary is broader than generic burglary, in that California's burglary statute does not explicitly contain the element of unlawful or unprivileged entry. Rather, California defines burglary as any entry with the requisite intent to commit grand or petit larceny or any felony. *See* Cal. Pen. Code § 459; *see also United States v. Aguila-Montes de Oca*, 655 F.3d 915, 941 (9th Cir. 2011) (per curiam) ("We have consistently held that California Penal Code § 459 is categorically broader than generic burglary because it contains no requirement of 'unlawful or unprivileged entry.'"); *United States v. Painter*, 400 F.3d 1111, 1113 (8th Cir. 2005) ("[California

3

Penal Code § 459] goes beyond generic burglary as defined in *Taylor* because it is not limited to unlawful or unprivileged entries into buildings.").

Despite this discrepancy, a plea of guilty to California Penal Code § 459 can be a predicate burglary conviction under 18 U.S.C. § 924(e), if the prior plea necessarily admitted the elements of generic burglary. *See Shepard v. United States*, 544 U.S. 13, 16-17, 24, 26 (2005). However, a later court that must make this determination "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.* at 26. The *Shepard* Court reasoned that a broader inquiry into the underlying facts of a prior conviction is precluded by the language and legislative history of § 924(e), as well as "the practical difficulties and potential unfairness" of such an approach. *Id.* at 19-20 (citing *Taylor*, 494 U.S. at 600-01); *see also Begay v. United States*, 553 U.S. 137, 141 (2008). Thus, in *Painter*, the Eighth Circuit held that a California burglary conviction is a violent felony for the purposes of § 924(e) "[w]hen the charging paper charged generic burglary-unlawful entry into a building to commit a crime . . . unless a plea agreement or plea colloquy establishes that the defendant pleaded guilty to an offense that was not generic burglary." *United States v. Painter*, 400 F.3d at 1114.

In this case, the government argues that Olten's California burglary convictions are violent felonies because Olten "admitted having burglarized three separate homes that day, as well as having burglarized ten other homes previously." Consequently, the government contends, these burglaries are "generic" under *Taylor*. Olten responds that

4

he pleaded only "to the bare elements" contained in California's Penal Code, suggesting that he did not necessarily admit all of the elements of generic burglary.

On August 16, 2012, the Court ordered the parties to submit any documents within the permissible *Shepard* categories that might resolve this issue. [Doc. # 9]. In response, Olten submitted copies of the original charging documents from his California burglary convictions. [Doc. # 12 at 5-6]. These documents charged Olten with "willful[] and unlawful[]" entrance. [Doc. # 12 at 5-6]. Consequently, Olten did plead guilty to the elements of generic burglary and Olten's California burglary convictions therefore qualify as violent felonies for the purposes of the armed career criminal enhancement. *See Painter*, 400 F.3d at 1114.

### 2. Olten's Conviction for Resisting Arrest

Olten also claims that his conviction for resisting arrest is not a violent felony for the purposes of the § 924(e) enhancement. Olten pleaded guilty to violating California Penal Code § 69, which provides that:

> Every person who attempts, *by means of any threat or violence*, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, *by the use of force or violence*, such officer, in the performance of his duty, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment pursuant to subdivision (h) of Section 1170, or in a county jail not exceeding one year, or by both such fine and imprisonment.

(emphasis added). This offense thus "has as an element the use, attempted use, or threatened use of physical force against the person of another," making it a violent felony under § 924(e)(2)(B)(i).

5

Olten maintains, however, that not every conviction under California Penal Code § 69 is categorically a violent felony for the purposes of 18 U.S.C. § 924(e). For this, Olten relies on the Supreme Court's interpretation of 18 U.S.C. § 16, which contains language that is in relevant part identical to the language in § 924(e)(2)(B)(i). In *Leocal v. Ashcroft*, the Court noted that "the use of physical force against another person . . . suggests a category of violent, active crimes" as opposed to "accidental or negligent conduct." 543 U.S. 1, 11 (2004). Olten also cites a string of Ninth Circuit opinions, some citing *Leocal*, holding that a conviction under California Penal Code § 69 is not categorically a "crime of violence" under 18 U.S.C. § 16. *See, e.g.*, *United States v. Fowles*, 225 F. App'x 713, 714-15 (9th Cir. 2007). By implication, Olten contends, not every conviction under California Penal Code § 69 is a violent felony under 18 U.S.C. § 924(e).

Even if the Court were to accept this argument, however, the judicially noticeable facts in this case prove that Olten's conviction involved the use of physical force. Regarding this conviction, the PSR indicated:

> According to court records, on September 2, 1985, while in the custody of the California Department of Corrections, Olten did willfully and unlawfully commit assault against a correctional officer, and did willfully and unlawfully resist arrest by use of force and violence against correctional staff.

[Crim. Doc. # 22 at 14]. As indicated, these facts came from court records, which are judicially noticeable under *Shepard*. *See* 544 U.S. at 26.

Olten does not allege any facts that alter or contradict this description of the offense. Rather, Olten contends that it is possible to commit "assault" and use "force and

6

violence" without using physical force, because of the broad interpretation given to the former terms by California courts. Olten's claim thus rests on a hypothetical. Olten argues that his guilty plea to the resisting arrest charge did not necessarily admit to the use of physical force. At no point, however, does Olten allege any facts suggesting that he did not admit to the use of physical force against another when he pleaded to this charge. In light of the elements of resisting arrest contained in California Penal Code § 69 and the uncontroverted language in the PSR, the Court finds no reason to doubt that this conviction qualifies as a violent felony under § 924(e).

### B. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the movant must prove both: 1) that defense counsel's representation was deficient; and 2) that the deficient performance prejudiced the movant's case. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Failure to prove "either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland v. Washington*, 466 U.S. 668, 700 (1984). To establish deficient performance, the movant must show that "the lawyer's performance was outside the range of professionally competent assistance." *Cox v. Norris*, 133 F.3d 565, 573 (8th Cir. 1997). To establish prejudice, the movant "must show that, but for counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different." *Cox*, 133 F.3d at 573.

#### 1. Application of the Armed Career Criminal Enhancement

Olten claims that defense counsel was ineffective before and at sentencing, as well as on appeal, for failing to argue that Olten's California burglary convictions and his

conviction for resisting arrest are not violent felonies for the purposes of § 924(e). Even if counsel did fail to investigate these issues, Olten's claim fails because he cannot show prejudice. As discussed above, Olten's California burglary convictions and his conviction for resisting arrest qualify as violent felonies under § 924(e). Olten alleges no facts that show a reasonable probability that defense counsel could have successfully argued that these convictions were not violent felonies and therefore the enhancement should not have applied. Consequently, Olten has not shown prejudice and his ineffective assistance claims based on the application of the armed career criminal enhancement are denied.

2. **Olten's Additional Claims**

Olten raises two additional ineffective assistance claims based on counsel's alleged failure to object to certain guideline offense level enhancements. Because there was no error in the application of the armed career criminal enhancement, however, these claims fail to show prejudice. Under the Chapters Two and Three sentencing guideline provisions Olten challenges, his offense level was determined to be 34. Because Olten was sentenced as an armed career criminal, however, his offense level was to be "the greatest of: (1) the offense level applicable from Chapters Two and Three; or . . . (3) (A) 34." U.S.S.G. § 4B1.4. Olten's sole claim to prejudice is that points were improperly added to his offense level. [Doc. # 8 at 24-26]. Given the fact that Olten's offense level would have been the same no matter what because of the armed career criminal enhancement, Olten's remaining ineffective assistance claims are denied for failure to show prejudice.

## C. Certificate of Appealability

The Court will issue a certificate of appealability only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons discussed above, Olten has not made a substantial showing of the denial of a constitutional right. Consequently, the Court does not issue a certificate of appealability in this case.

## III. Conclusion

For the reasons set forth above, Dale Scott Olten, Sr.'s Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED.

                                            s/ Nanette K. Laughrey
                                            NANETTE K. LAUGHREY
                                            United States District Judge

Dated: September 19, 2012
Jefferson City, Missouri